```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MICHAEL ROSATO,                         :
                    Plaintiff,          :
                                        :
            -v-                         :
                                        :   09 Civ. 3742 (DLC)
NEW YORK COUNTY DISTRICT ATTORNEY'S     :
OFFICE, JOHN P. WOLFSTAETTER, ESQ.,     :   OPINION & ORDER
WILLIAM MAHONEY, ESQ., NANCY RYAN,      :
ESQ., MR. LEVEY, ESQ., JOHN DOE, ESQ.,  :
(sued in their individual and official  :
capacities),                            :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For plaintiff:

Scott M. Mishkin
Scott Michael Mishkin, P.C.
1 Suffolk Square, Suite 240
Islandia, NY 11749

For defendants:

Matthew Weir
Assistant Corporation Counsel
Corporation Counsel of the City of New York
100 Church Street, Room 3-137
New York, NY 10007


DENISE COTE, District Judge:

On April 9, 2009, plaintiff filed this lawsuit pursuant to 28 U.S.C. § 1983 and state tort law against the New York County District Attorney's Office ("DA's Office"), Assistant District Attorney ("ADA") John Wolfstaetter ("Wolfstaetter"), ADA William

Mahoney ("Mahoney"), and ADA Nancy Ryan ("Ryan") (collectively, the "defendants").[1]  Plaintiff, who pleaded guilty to criminal charges near the conclusion of a jury trial, principally asserts that the defendants conducted an inadequate investigation and knowingly offered false testimony against him at that trial. Defendants filed a motion to dismiss on August 3, arguing that plaintiff's plea of guilty and conviction bars this litigation. For the reasons stated herein, the motion is granted.

## BACKGROUND

The following facts are taken from the complaint or from documents on which the complaint relies.  Plaintiff was employed as an officer with the New York City Police Department ("NYPD") and assigned to Queens Central Booking.  Despite NYPD regulations that prohibit officers from engaging in secondary employment in an investigatory capacity, plaintiff was also employed by a private investigation firm, Alpha Group Investigations ("Alpha"), as a "video specialist."

On March 18, 2004, plaintiff was assigned by Alpha to conduct video surveillance of Chris Spencer ("Spencer") and his girlfriend Victoria Hay ("Hay") at the request of Spencer's wife, Kim Spencer Swank ("Swank").  When plaintiff arrived at Hay's apartment building, he was met by the building

---

[1] The complaint also names "Mr. Levey, Esq." Defendants' counsel indicates that it has been unable to identify Mr. Levey, who in any case has not been served.

2

superintendent, Warren Robateau ("Robateau").  Plaintiff told Robateau that he was a police officer and was conducting an examination of the building.  Plaintiff proceeded to Hay's apartment, where he met Hay.  Plaintiff showed Hay his NYPD badge and told her that he was investigating an alleged assault that had occurred the day before.  Hay invited plaintiff into her apartment, where he remained for approximately five minutes.  Plaintiff recorded all of the events at Hay's apartment building using a video camera.

The next day, Spencer informed his friend John Carro, Jr. ("Carro"), a former ADA with the DA's Office, about the incident.  Carro contacted Swank to inquire about the incident and Swank told him that she had hired Alpha to watch Hay's apartment.  Carro relayed this information to Spencer, who instructed Hay to file a police report about the incident.  Hay and Robateau reported the incident to the NYPD, where they spoke with Detective Todd Heiman ("Heiman").  Carro also contacted prosecutors in the DA's Office to advise them about the March 18 incident.  Prosecutors, in turn, contacted Detective Heiman to inform him about the incident.

Plaintiff was indicted on two counts of second degree burglary, one count of official misconduct, and one count of second degree criminal impersonation.  Plaintiff pleaded not guilty and proceeded to a jury trial.  He contends that the DA's

Office knowingly relied on false and fabricated evidence at the trial.

Plaintiff alleges that NYPD officers elicited false statements from Hay and Robateau at the request of defendants.[2] Plaintiff contends that defendants were aware that Hay and Robateau's statements were inconsistent with the video footage taken by plaintiff and by the security cameras in Hay's apartment building, as well as other evidence, yet still used the statements in the criminal proceedings.  Plaintiff alleges that defendants also tampered with both videotapes while they were in their possession and used the tampered evidence at plaintiff's trial.  Plaintiff further alleges that Wolfstaetter, the prosecutor assigned to plaintiff's case, failed to conduct a complete investigation that would have uncovered exculpatory evidence, made false and inconsistent statements during trial, and intimidated potential witnesses.  Plaintiff contends that he complained to several of Wolfstaetter's superiors at the DA's Office as to Wolfstaetter's failure to conduct a thorough, fair, and complete investigation.

After a two-week trial, plaintiff pleaded guilty during jury deliberations to second degree attempted burglary and

---

[2] The complaint is not clear as to which individual defendants performed which wrongful acts alleged in the complaint.  The complaint's lack of specificity does not, however, affect the ability of the Court to reach the merits of the arguments presented in this motion.

4

official misconduct in satisfaction of all charges in the indictment.  Plaintiff contends that he only accepted a plea bargain in order to escape what he expected to be a guilty verdict.  On June 7, 2006, plaintiff was sentenced to five years probation and five hundred hours of community service.  Plaintiff is presently serving his sentence of probation.

Plaintiff filed this lawsuit on April 9, 2009.  Plaintiff's complaint alleges that defendants' conduct during the investigation and prosecution of his criminal case violated 28 U.S.C. § 1983 by depriving him of his due process rights under the Fourteenth Amendment.  Specifically, plaintiff alleges that defendants "willfully and maliciously" failed to conduct a thorough and complete investigation; failed to uncover and disclose exculpatory evidence; failed to gather relevant testimony that could have mitigated the evidence of plaintiff's guilt; tampered with evidence; and relied on inconsistent statements and evidence to prosecute him.  Plaintiff alleges claims under § 1983 for malicious prosecution, fabrication of evidence, and failure to investigate.  In addition, plaintiff alleges that the DA's Office and defendants Mahoney and Ryan are liable for the alleged due process violations under a theory of supervisory liability.  Plaintiff's complaint also alleges claims under New York tort law, including prima facie tort, negligence, gross negligence, and negligent hiring, retention,

5

and supervision.  Plaintiff seeks monetary damages, attorneys' fees, and equitable relief in the form of disciplinary action against defendants.

On August 3, defendants filed a motion to dismiss. Defendants argue, inter alia, that plaintiff's § 1983 claims challenge the validity of his conviction and are thus barred by Heck v. Humphrey, 512 U.S. 477 (1994).[3]  Defendants also argue that plaintiff's state law claims must be dismissed for failure to abide by N.Y. Gen. L. §§ 50-e, 50-i.  The motion was fully submitted on October 1.

## DISCUSSION

The complaint alleges claims pursuant to 28 U.S.C. § 1983 based on malicious prosecution and other violations of plaintiff's due process rights and right to a fair trial.[4]

---

[3] For the reasons discussed herein, it is unnecessary to reach the other arguments made by defendants in support of their motion to dismiss based on collateral estoppel, absolute prosecutorial immunity, and statute of limitations.

[4] The complaint states that plaintiff's § 1983 claims are based on the Fourteenth Amendment as well as the Fourth Amendment. Plaintiff's complaint does not, however, appear to state a claim for false arrest or false imprisonment, and plaintiff's brief does not argue that the complaint should be so interpreted.  In any event, to the extent that plaintiff attempts to state a claim for false imprisonment, such a claim must be dismissed as barred by the statute of limitations.  A § 1983 claim based on false imprisonment accrues once a detainee is held pursuant to legal process, for example when he is bound over by a magistrate or arraigned on charges.  See Wallace v. Kato, 549 U.S. 384, 389-90 (2007).  Any claim of false imprisonment therefore accrued sometime between plaintiff's arrest on April 20, 2005 and his indictment by the grand jury on June 14, 2005.  Because

Plaintiff's § 1983 claims must be dismissed pursuant to the doctrine established by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).[5]  In Heck, the Court held that a convicted state defendant cannot pursue damages or other civil remedies under § 1983 if the claim "would necessarily imply the invalidity of his conviction or sentence," unless his conviction has already been invalidated.  Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); McKithen v. Brown, 481 F.3d 89, 101 (2d Cir. 2007).  In so holding, the Court drew on the common law requirement that in order to state a claim for malicious prosecution, a plaintiff must allege that the prior criminal proceeding terminated in his favor.  Heck, 512 U.S. at 484; accord Green v. Mattingly, 585 F.3d 97, 103 (2d Cir. 2009) ("To state a claim for malicious prosecution under either § 1983 or

---

New York has a three-year statute of limitations for false imprisonment, see N.Y. C.P.L.R. § 214(5), and plaintiff did not file his complaint until April 9, 2009, any claim for false imprisonment is time-barred.

[5] Plaintiff's § 1983 claims against defendants Mahoney and Ryan based on supervisory liability must also be dismissed.  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). Allegations of mere "knowledge and acquiescence" by supervisors are insufficient.  Id. at 1949.  Further, to the extent plaintiff alleges defendants Maloney and Ryan were personally involved in the alleged constitutional violations, those claims are dismissed pursuant to Heck as discussed herein.

New York state law, plaintiff must allege, among other things, termination of the proceeding in plaintiff's favor.").

A § 1983 plaintiff must therefore prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to do so, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 487.  This rule has come to be known as the "favorable termination" requirement. See McKithen, 481 F.3d at 101 n.13.  The governing standard for the application of this requirement is "whether a prisoner's victory in a § 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence; that a prisoner's success might be merely helpful or potentially demonstrative of illegal confinement is, under this standard, irrelevant."  Id. at 102 (emphasis removed).

In Heck, the Court applied this rule to bar claims based on allegations that prosecutors engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to the petitioner's arrest and conviction and destroyed evidence "which was exculpatory in nature and could have proved the petitioner's innocence."  512 U.S. at 479 (citation omitted).  Since Heck, the Second Circuit has held that this rule also extends to, inter alia, claims based on withholding of exculpatory evidence and intimidation of witnesses.  See Amaker v. Weiner, 179 F.3d

8

48, 51 (2d Cir. 1999); Channer v. Mitchell, 43 F.3d 786, 787-88 (2d Cir. 1994) (per curium).  The Second Circuit has carved out only limited exceptions to the favorable termination requirement.  See, e.g., Huang v. Johnson, 251 F.3d 65, 74 (2d Cir. 2001) (§ 1983 claim not barred where individual is not "in custody" and therefore unable to bring a petition for habeas corpus); Leather v. Ten Eyck, 180 F.3d 420, 424 (2d Cir. 1999) (same); Jenkins v. Haubert, 179 F.3d 19, 27 (2d Cir. 1999) (§ 1983 claim not barred where prisoner challenges conditions of confinement, rather than the validity of conviction).

In the present case, plaintiff's allegations of due process violations "would necessarily imply the invalidity of his conviction or sentence," Heck, 512 U.S. at 487, and are therefore barred by the favorable termination requirement.  Like the petitioner in Heck, plaintiff essentially argues that the defendants conducted an "unlawful, unreasonable, and arbitrary investigation" that led to his arrest and conviction.  Id. at 479.  Although plaintiff does not challenge his conviction on the face of his complaint, his claims inherently rest on the alleged unconstitutionality of defendants' investigation and prosecution of his criminal case.  Granting relief on any of plaintiff's claims would require finding that defendants acted in violation of his fundamental due process rights, which would necessarily impugn his conviction.

Furthermore, plaintiff does not allege, nor could he, that his state criminal conviction has been invalidated by a court or other proper authority. Id. at 487. This is fatal not only to plaintiff's malicious prosecution claim, see Green, 585 F.3d at 103, but also to plaintiff's other § 1983 claims based on alleged due process violations. Indeed, in his opposition brief, plaintiff concedes that "it appears that Heck would bar plaintiff from bringing his § 1983 claim against defendants." As such, plaintiff's § 1983 claims based on malicious prosecution and other due process violations are barred by Heck.

Plaintiff argues that Heck does not bar his § 1983 claims because he is not "in custody" within the meaning of the federal habeas corpus statute, citing the Second Circuit's decision in Leather, 180 F.3d 420. Plaintiff's attempt to distinguish his case based on the fact that he is not incarcerated fails as a matter of law. The Supreme Court's interpretation of the "in custody" language in the federal habeas statute is not so narrow as to require that a prisoner be physically confined in order to challenge his sentence on habeas corpus. See Maleng v. Cook, 490 U.S. 488, 491 (1989) (per curium). An individual on probation or parole is "in custody" for purpose of federal habeas corpus proceedings. United States v. Shelly, 430 F.2d 215, 217 n.3 (2d Cir. 1970) (citing Jones v. Cunningham, 371 U.S. 236 (1963)); see also Earley v. Murray, 451 F.3d 71, 75 (2d

Cir. 2006) (supervised release); Eisemann v. Herbert, 401 F.3d 102, 105 n.1 (2d Cir. 2005) (parole).  Because plaintiff is still serving his sentence of probation, he is "in custody" within the meaning of the federal habeas statute and his § 1983 claims are barred by Heck.  Plaintiff's federal claims based on § 1983 are therefore dismissed without prejudice.  See Amaker, 179 F.3d at 52 (disposition of a case on Heck grounds warrants only dismissal without prejudice because the suit may be reinstituted should plaintiff's conviction be invalidated in other proceedings).

Having dismissed plaintiff's § 1983 claims, it is within a court's discretion whether to exercise supplemental jurisdiction over plaintiff's state law claims.  Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 263 (2d Cir. 2006).  "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  Id. at 262.  Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and these claims are dismissed without prejudice to refiling in state court.

CONCLUSION

Defendants' August 3, 2009 motion to dismiss is granted. Plaintiff's claims are dismissed without prejudice. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         December 14, 2009

                                       _____
                                              DENISE COTE
                                       United States District Judge